1          IN THE UNITED STATES DISTRICT COURT

2        FOR THE NORTHERN DISTRICT OF CALIFORNIA

3

4    JOSEPH FLOWERS,                      No. C 14-0589 CW (PR)

5              Petitioner,               ORDER GRANTING MOTION TO
                                         STAY PETITION; DENYING
6         v.                             MOTION TO APPOINT COUNSEL
                                         AS MOOT; DIRECTING CLERK
7    F. FOULK, Warden,                   OF COURT TO
                                         ADMINISTRATIVELY CLOSE
8              Respondent.               CASE UNTIL STAY IS LIFTED

9    _____/  (Docket nos. 3, 7, and 8)

10

11        On February 7, 2014, Petitioner, a state prisoner proceeding

12   pro se, filed this petition for a writ of habeas corpus pursuant

13   to 28 U.S.C. § 2254 challenging a conviction and sentence from

14   Marin County Superior Court.  Petitioner raises claims of

15   ineffective assistance of counsel, insufficient evidence,

16   inadmissible evidence, prosecutorial misconduct based on failure

17   to disclose exculpatory evidence, actual innocence and cumulative

18   prejudice.  Petitioner also filed motions for appointment of

19   counsel and for leave to proceed in forma pauperis (IFP).  Good

20   cause appearing, the motion to proceed IFP is granted.  Because

21   this case will be stayed, the motion for appointment of counsel is

22   denied without prejudice as moot.

23        On March 10, 2014, Petitioner filed the instant motion to

24   stay and abey his petition indicating that, since he filed his

25   petition in state court, he recovered evidence which was lost or

26   withheld by the California Department of Corrections and

27   Rehabilitation, and this evidence provides him with new grounds

28   for his claim of insufficient evidence that he wishes to exhaust

**United States District Court**
For the Northern District of California

1  in state court.  It appears that he has included the newly

2  discovered evidence in his federal petition.  Pet'n at 6.

3       A district court may stay a mixed habeas petition, i.e., a

4  petition containing both exhausted and unexhausted claims, to

5  allow the petitioner to exhaust state court remedies as to those

6  claims that have not yet been presented to the state's highest

7  court.  Rhines v. Weber, 544 U.S. 269, 277-78 (2005).  In Rhines,

8  the Supreme Court discussed the stay-and-abeyance procedure,

9  explaining that a stay and abeyance "is only appropriate when the

10 district court determines there was good cause for the

11 petitioner's failure to exhaust his claims first in state court,"

12 the claims are not meritless, and there are no intentionally

13 dilatory litigation tactics by the petitioner.  Id.

14      In his motion, Petitioner explains that he could not include

15 the newly discovered evidence in his state court petitions because

16 he just recently recovered it.  He states that he was diligent in

17 filing his state petitions and this federal petition and, now that

18 he has this new evidence, he does not want to lose new grounds for

19 relief due to lack of exhaustion.

20      The Court finds that Petitioner has shown good cause for his

21 lack of exhaustion and it does not appear that he has been

22 intentionally dilatory or that his claim is meritless.

23 Accordingly, the petition for a writ of habeas corpus is construed

24 as a protective petition and STAYED so that Petitioner may exhaust

25 his unexhausted claims in the state courts.  See Pace v.

26 DiGuglielmo, 544 U.S. 408, 416 (2005) (prisoners who run risk of

27 having federal statute of limitation expire while exhausting their

28 state remedies may avoid this predicament "by filing a

**United States District Court**
For the Northern District of California

**United States District Court**
For the Northern District of California

1   'protective' petition in federal court and asking the federal

2   court to stay and abey the federal habeas proceedings until state

3   remedies are exhausted").

4          Accordingly, Petitioner's motion to stay the petition is

5   GRANTED and these proceedings are hereby STAYED pending the

6   exhaustion of his new claims in state court.

7          Once the California Supreme Court has issued a decision on

8   Petitioner's new claims and, if he does not obtain the relief he

9   seeks in state court, Petitioner shall, within <u>thirty</u> days of the

10  California Supreme Court's decision, file in this Court a "Motion

11  to Lift Stay and Reopen Action," along with an amended petition

12  that includes all of the claims that he wishes to present in his

13  federal habeas corpus petition.  Petitioner shall use this case

14  number on these documents, C 14-0589 CW.  Failure to comply with

15  this deadline may result in the dismissal of this action.

16         Based on the foregoing, the Court orders as follows:

17         1. Petitioner's motion to proceed IFP is granted and his

18  motion for appointment of counsel is denied as moot.

19         2. Petitioner's motion to stay and abey the petition is

20  granted.

21         3. This Order terminates Docket nos. 3, 7, and 8.

22         4. The Clerk of the Court shall ADMINISTRATIVELY CLOSE the

23  file pending the stay of this action.

24         IT IS SO ORDERED.

25

26  Dated: 3/18/2014

CLAUDIA WILKEN
United States District Judge

27

28