IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH FLOWERS,<br><br>         Petitioner,<br><br>     v.<br><br>F. FOULK, Warden,<br><br>         Respondent.<br>_____/ | No. C 14-0589 CW (PR)<br><br>ORDER GRANTING MOTION TO REOPEN CASE AND LIFT STAY, DENYING MOTIONS TO SEAL, TO APPOINT COUNSEL AND TO AMEND GROUND 1 OF AMENDED PETITION AND DISMISSING AMENDED PETITION WITH LEAVE TO AMEND<br><br>(Docket nos. 11-13, 16) |

On February 7, 2014, Petitioner, a state prisoner proceeding pro se, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging a conviction and sentence from Marin County Superior Court and raising claims of ineffective assistance of trial and appellate counsel, insufficient evidence, inadmissible evidence, prosecutorial misconduct, actual innocence and cumulative prejudice. On March 18, 2014, the Court granted Petitioner's motion to stay his petition while he exhausted state court remedies. On the same date, the case was administratively closed.

On May 12, 2014, Petitioner filed motions to reopen his case and lift the stay, to file documents under seal[1] and to appoint counsel.  On May 27, 2014, Petitioner filed a motion to amend ground 1 in his amended habeas petition.  For the reasons stated below, the Court grants the motion to reopen and lift the stay, denies the motions to seal, to appoint counsel and to amend the petition and dismisses the amended petition with leave to file a second amended petition.

                          DISCUSSION
I. Motion to Reopen Case and Lift Stay

In the motion to reopen the case and lift the stay, Petitioner states that he has now fully exhausted his claims in state court and, as evidence, submits the California Supreme Court's April 9, 2014 denial of his petition.  Good cause appearing, this motion is granted.  The Clerk of the Court shall reopen this case and lift the stay.

In regard to the amended petition that Petitioner submits with this motion, the Court notes that: (1) the claims in the petition are not clearly listed; (2) Petitioner indicates it must be viewed along with the original petition; and (3) it is not written on the Court's habeas corpus petition form.  The amended petition, therefore, is dismissed with leave to amend for Petitioner to file a second amended petition which should clearly list his habeas claims, should not require the Court to read it in conjunction with the original petition and should be written on

---

[1] Petitioner labels this document, "Motion for In Camera Review," which the Court construes as a motion to file documents under seal.

the correct form.  The Clerk of the Court shall send Petitioner the correct form for filing a petition for a writ of habeas corpus.

II. Motion to Amend Ground 1 in Amended Petition

In this motion, Petitioner seeks to amend one of the claims in his amended petition.  However, as discussed above, Petitioner's amended petition is dismissed with leave to file a second amended petition, in which he may include the allegations he includes in this motion.  Therefore, the motion to amend ground 1 is denied as moot.  Petitioner's second amended petition must include all the claims and grounds he wishes to assert; he will not be granted leave to amend his petition again.

II. Motion to File Under Seal

In this motion to file documents under seal, Petitioner requests that Exhibits G, O, P and Q be placed under seal.  These exhibits are not attached to the motion, but Petitioner appears to be referring to exhibits which were submitted with his original petition and which appear to pertain to Petitioner's confidential conversations with his defense counsel that were overheard at the Marin County Jail.  The Court reviewed the exhibits attached to the original petition and has found exhibit G, already filed under seal, and exhibit Q.  However, exhibits O and P are not submitted with the petition.  Petitioner attaches an exhibit O to his amended petition, but it does not relate to attorney-client conversations or contain any other confidential information.

A motion to file documents under seal must be submitted in accordance with Civil Local Rule 79-5, which provides instructions for filing documents under seal in a civil action, such as this.

Because Petitioner has not complied with Local Rule 79-5, his motion is denied without prejudice. Petitioner may resubmit the motion in accordance with Local Rule 79-5. Petitioner must state, in a declaration, the reasons each document, or portions of the document, is confidential and why it must be filed under seal. If only certain portions of the document are confidential, Petitioner must file a redacted version of the document to be filed in the public record and a non-redacted version to be sealed. If Petitioner is seeking to have the entire document filed under seal, a redacted version need not be submitted.

The Clerk of the Court shall send Petitioner a copy of Local Rule 79-5 with this Order.

III. Motion to Appoint Counsel

The Sixth Amendment right to counsel does not apply in habeas corpus actions. Knaubert v. Goldsmith, 791 F.2d 722, 728 (9th Cir. 1986). Title 18 U.S.C. § 3006A(a)(2)(B), however, authorizes a district court to appoint counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require" and such person is financially unable to obtain representation. The decision to appoint counsel is within the discretion of the district court. Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986); Knaubert, 791 F.2d at 728; Bashor v. Risley, 730 F.2d 1228, 1234 (9th Cir. 1984). The courts have made appointment of counsel the exception rather than the rule by limiting it to: (1) capital cases; (2) cases that turn on substantial and complex procedural, legal or mixed legal and factual questions; (3) cases involving uneducated or mentally or physically impaired petitioners; (4) cases likely to require the

4

assistance of experts either in framing or in trying the claims; (5) cases in which the petitioner is in no position to investigate crucial facts; and (6) factually complex cases. See generally 1 J. Liebman & R. Hertz, Federal Habeas Corpus Practice and Procedure § 12.3b at 383-86 (2d ed. 1994). Appointment is mandatory only when the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations. Chaney, 801 F.2d at 1196; Eskridge v. Rhay, 345 F.2d 778, 782 (9th Cir. 1965); see also Roe v. Coursey, 469 Fed. App'x. 622, 624-25 (9th Cir. 2012) (appointment of counsel not warranted where pleadings show petitioner understood issues and could present his contentions).

The Court finds that appointment of counsel is not warranted in this case. Petitioner's claims appear to be the typical claims that arise in criminal appeals and habeas petitions and are not especially complex. This does not appear to be an exceptional case that would warrant representation on federal habeas review. There also is no indication that an evidentiary hearing is required under 28 U.S.C. § 2254(e). If during its review of the merits of the petition the Court determines that further fact finding is required, the Court will decide whether to hold an evidentiary hearing or whether the facts can be gathered by way of mechanisms short of an evidentiary hearing, such as supplementation of the record with sworn declarations from the pertinent witnesses. Downs v. Hoyt, 232 F.3d 1031, 1041 (9th Cir. 2000).

Accordingly, Petitioner's motion for appointment of counsel is DENIED. This denial is without prejudice to reconsideration

should the Court on its own motion find an evidentiary hearing necessary following consideration of the merits of Petitioner's claims.

CONCLUSION

Based on the foregoing, the Court orders as follows:

1. Petitioner's motion to reopen his case and lift the stay is GRANTED. Doc. no. 11. The Clerk of the Court shall re-open this case.

2. Petitioner's motion to seal documents is denied without prejudice to refiling in accordance with Civil Local Rule 79-5. Doc. no. 12. If Petitioner files an amended motion, he must do so within twenty-eight days from the date of this Order. The Clerk of the Court shall send Petitioner a copy of Civil Local Rule 79-5.

3. Petitioner's motions to appoint counsel and to amend ground 1 of his petition are denied. Doc. nos. 13 and 16.

4. Petitioner's amended petition is dismissed with leave to file a second amended petition. The second amended petition should be filed on the correct form, and must clearly list all of Petitioner's claims and indicate that it is a Second Amended Petition. Petitioner will not be granted leave to amend his petition a third time. The Clerk of the Court shall send Petitioner a copy of the correct form for filing the second amended petition.

5. Petitioner must file his second amended petition within twenty-eight days from the date of this Order. If Petitioner does not file his second amended petition within this time frame, his case will be dismissed without prejudice.

6. This Order terminates Docket nos. 11-13 and 16.

IT IS SO ORDERED.

Dated: JUN 0 3 2014

CLAUDIA WILKEN
United States District Judge