IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH FLOWERS, | No. C 14-0589 CW (PR) |
| Petitioner, | ORDER TO SHOW CAUSE AND DENYING MOTION TO SEAL |
| v. | Doc. No. 28 |
| F. FOULK, Warden, | |
| Respondent. | |

## INTRODUCTION

On February 7, 2014, Petitioner, a state prisoner proceeding pro se, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging a conviction and sentence from Marin County Superior Court and raising claims of ineffective assistance of trial and appellate counsel, insufficient evidence, inadmissible evidence, prosecutorial misconduct, actual innocence and cumulative prejudice. On March 18, 2014, the Court granted Petitioner's motion to stay his petition while he exhausted state court remedies. On the same date, the case was administratively closed. On June 3, 2014, the Court granted Petitioner's motion to reopen his case and lift the stay, denied his motions to seal and dismissed his amended petition with leave to amend. On June 23, 2014, Petitioner filed an amended petition, Doc. no. 25, and, on June 27, 2014, he filed another amended petition, Doc. no. 27, and a motion to "have exhibits retracked and filed under seal," Doc. no. 28, which the Court construes to be a motion to seal. On July

16, 2014, Petitioner filed a request for the Court to send him two copies of his two amended petitions, Doc. no. 30.

DISCUSSION

I. Motion to Seal

In his motion to seal, Petitioner seeks to seal Exhibits G, Q, P and Z(7) because they are based on a conversation he had with his attorney in the Marin County Jail that was overheard by an informant. His reason for sealing these documents is that, "if the government's informees [sic] learn of the appellant's defense they'll be of in [sic] position of formulating answers to offset the defense, upon 'if' [sic] any hearing of evidentiary values is heard."

In its previous Order, the Court granted Petitioner leave to re-file a motion to seal, but instructed him to follow Civil Local Rule 79-5, which he has failed to do. Instead of attaching the documents he wishes to seal with his motion in redacted form for the public docket and non-redacted form for sealing, Petitioner has attached just two of the documents, P and Z(7), in non-redacted form, to his amended petition. Thus, these documents have already been filed by the Clerk of the Court on the public docket. The other two documents, G and Q, are attached to Petitioner's original petition. Document G was previously filed under seal, but document Q was not.

The Court finds that the information in document P is confidential and orders that it be stricken from the public record and returned to Petitioner. It does not appear that this document is necessary for Petitioner's argument, but if he believes that it

2

is, he may re-file it with a renewed motion to seal at the time he files his traverse.

Documents Q and Z(7) do not contain confidential material; therefore, the motion to seal them is denied.  The motion to file document G under seal is denied as moot because it is already under seal.

## II. Amended Petition

In the interests of justice and judicial economy, the Court accepts Petitioner's two amended petitions as one amended petition.  It does not appear that the claims Petitioner presents in the amended petition are without merit.  Good cause appearing, the Court hereby issues the following orders:

1.   The Clerk of the Court shall serve a copy of this Order and the amended petition, doc. nos. 25 and 27, and all attachments thereto upon Respondent and Respondent's attorney, the Attorney General of the State of California.  The Clerk shall also serve a copy of this Order on Petitioner at his current address.

2.   No later than sixty days from the date of this Order, Respondent shall file with this Court and serve upon Petitioner an Answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued.  Respondent shall file with the Answer all portions of the state record that have been transcribed previously and are relevant to a determination of the issues presented by the petition.

If Petitioner wishes to respond to the Answer, he shall do so by filing a Traverse with the Court and serving it on Respondent no later than thirty days from his receipt of the Answer.  If he

3

1  does not do so, the petition will be deemed submitted and ready
2  for decision on the date the Traverse is due.
3     3.   No later than sixty days from the date of this Order,
4  Respondent may file with this Court and serve upon Petitioner a
5  motion to dismiss on procedural grounds in lieu of an Answer, as
6  set forth in the Advisory Committee Notes to Rule 4 of the Rules
7  Governing Section 2254 Cases.
8     If Respondent files such a motion, Petitioner shall file with
9  the Court and serve on Respondent an opposition or statement of
10 non-opposition to the motion within twenty-eight days of receipt
11 of the motion, and Respondent shall file with the Court and serve
12 on Petitioner a reply within fourteen days of receipt of an
13 opposition.
14    4.   It is Petitioner's responsibility to prosecute this
15 case.  He must keep the Court and Respondent informed of any
16 change of address and comply with the Court's orders in a timely
17 fashion.  He also must serve on Respondent's counsel all
18 communications with the Court by mailing a true copy of the
19 document to Respondent's counsel.
20    5.   Extensions of time are not favored, though reasonable
21 extensions will be granted.  Any motion for an extension of time
22 must be filed no later than ten days prior to the deadline sought
23 to be extended.
24    6.   Petitioner's motion to seal documents Q and Z(7) is
25 DENIED because they do not contain confidential information.  The
26 motion to seal document G is DENIED as moot because it has already
27 been filed under seal.  The motion to seal document P is DENIED
28 because the Court orders that it be stricken from the record.  If

4

Petitioner believes document P is necessary for his argument, he is granted leave to re-file a motion to seal that is in conformity with Civil Local Rule 79-5 with his traverse. The Clerk of the Court shall send Petitioner a copy of Civil Local Rule 79-5.

    7. Petitioner's request for two copies of his amended petitions is granted. The Clerk of the Court shall send him these copies. However, Petitioner is put on notice that no further documents shall be sent to him without payment of the Court's copying costs.

    8. This Order terminates docket number 28.

    IT IS SO ORDERED.

Dated: 8/22/2014

CLAUDIA WILKEN  
United States District Judge

United States District Court