UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOSEPH J. FLOWERS,

      Petitioner,

    v.

F. FOULK, Warden,

      Respondent.

Case No.  14-cv-00589-CW (PR)

ORDER DENYING MOTION FOR
"REHEARING" ON REQUEST TO
APPOINT COUNSEL

(Docket No. 38)

On May 12, 2014, Petitioner filed a motion for appointment of counsel, which was denied in an Order dated June 3, 2014. Doc. no. 17.

Petitioner has now filed a motion for a "rehearing" on his request to appoint counsel on the grounds that he "is not in the least of positions in investigating actual witnesses wearabouts [sic] and the Department of Corrections has lost his property." Respondent has not yet filed his answer to the petition.

The Sixth Amendment right to counsel does not apply in habeas corpus actions.  Knaubert v. Goldsmith, 791 F.2d 722, 728 (9th Cir. 1986).  Title 18 U.S.C. § 3006A(a)(2)(B), however, authorizes a district court to appoint counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require" and such person is financially unable to obtain representation.  The decision to appoint counsel

United States District Court
Northern District of California

1  is within the discretion of the district court.  <u>Chaney v. Lewis</u>,

2  801 F.2d 1191, 1196 (9th Cir. 1986); <u>Knaubert</u>, 791 F.2d at 728;

3  <u>Bashor v. Risley</u>, 730 F.2d 1228, 1234 (9th Cir. 1984).  The courts

4  have made appointment of counsel the exception rather than the

5  rule by limiting it to: (1) capital cases; (2) cases that turn on

6  substantial and complex procedural, legal or mixed legal and

7  factual questions; (3) cases involving uneducated or mentally or

8  physically impaired petitioners; (4) cases likely to require the

9  assistance of experts either in framing or in trying the claims;

10 (5) cases in which the petitioner is in no position to investigate

11 crucial facts; and (6) factually complex cases.  <u>See</u> <u>generally</u> 1

12 J. Liebman & R. Hertz, <u>Federal Habeas Corpus Practice and</u>

13 <u>Procedure</u> § 12.3b at 383-86 (2d ed. 1994).  Appointment is

14 mandatory only when the circumstances of a particular case

15 indicate that appointed counsel is necessary to prevent due

16 process violations.  <u>Chaney</u>, 801 F.2d at 1196; <u>Eskridge v. Rhay</u>,

17 345 F.2d 778, 782 (9th Cir. 1965).

18      In its June 3, 2014 Order, the Court stated:

19      The court finds that appointment of counsel is not warranted
20      in this case.  Petitioner's claims appear to be the typical
        claims that arise in criminal appeals and habeas petitions
21      and are not especially complex.  This does not appear to be
        an exceptional case that would warrant representation on
22      federal habeas review.  There also is no indication that an
        evidentiary hearing is required under 28 U.S.C. § 2254(e).
23      If during its review of the merits of the petition the Court
        determines that further fact finding is required, the Court
24      will decide whether to hold an evidentiary hearing or
        whether the facts can be gathered by way of mechanisms short
25      of an evidentiary hearing, such as supplementation of the
        record with sworn declarations from the pertinent witnesses.
26      <u>Downs v. Hoyt</u>, 232 F.3d 1081, 1041 (9th Cir. 2000).

27
28 June 3, 2014 Order at 5.

2

1     For the same reasons, Petitioner's motion for a "rehearing"

2 on his request to appoint counsel is denied.

3     This Order terminates Docket no. 38.

4     IT IS SO ORDERED.

5 Dated:  January 15, 2015

6 _____

7 CLAUDIA WILKEN
United States District Judge

United States District Court
Northern District of California

3