IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA


JOSEPH FLOWERS,                           No. C 14-0589 CW

        Petitioner,                       ORDER ON MOTIONS
                                          FOR
     v.                                   RECONSIDERATION
                                          AND MOTION TO
F. FOULK, Warden,                         DISMISS

        Respondent.

_____/

     Petitioner Joseph Flowers filed a petition for writ of
habeas corpus pursuant to 28 U.S.C. § 2254 following his state
convictions of robbery and kidnapping.[1]  Before the Court are
Respondent's motion to reconsider its denial of Respondent's
motion to dismiss claim 5(b) and his motion to dismiss claims
1(b), 1(c) and 3(b) as procedurally defaulted, as well as several
motions filed by Petitioner.

                          BACKGROUND

     The underlying facts are restated in this Court's order
granting in part Respondent's motion to dismiss.  Following that
order, the claims that remain are claims 1(b), 1(c),[2] 2(a), 2(c),
3(a), 3(b), 5(a), 5(b) and 6.  MTD Order at 22.  In lieu of
filing an answer following the Court's order on his motion to

_____

[1] The documents at Docket Numbers 25 and 27 together constitute
the operative petition.
[2] Only a portion of claim 1(c) remains.  The Court dismissed the
part that was predicated on Petitioner's appellate counsel's
alleged ineffective assistance for failing to raise trial
counsel's ineffective assistance in failing to investigate a
robbery victim's background.  MTD Order at 6 n.4.

dismiss, Respondent filed a motion to dismiss claims 1(b), 1(c) and 3(b) as procedurally defaulted.  In addition, the Court granted Respondent's motion for leave to file a motion to reconsider the denial of the motion to dismiss claim 5(b). Thereafter, Respondent filed supplemental briefing.

PRELIMINARY MOTIONS

Petitioner moves to seal his declaration describing discussions with his appellate counsel.  Docket No. 78.  This motion is GRANTED.  If Petitioner is able to pursue claims of ineffective assistance of both trial and appellate counsel, these documents may have to be unsealed or stricken.

Petitioner requests that Docket Numbers 80 and 81 be considered timely.  Docket No. 83.  The Court GRANTS Petitioner's request.

Petitioner moves "for of leave for discovery."  Docket No. 80.  Habeas corpus petitioners may conduct discovery to the extent that the judge in the exercise of discretion and for good cause shown grants leave to do so.  Rule 6(a) of the Rules Governing Section 2254 Cases.  Good cause is shown where a petitioner demonstrates, through specific allegations, that there is reason to believe that he may be entitled to relief.  Bracy v. Gramley, 520 U.S. 899, 908-09 (1997) (quoting Harris v. Nelson, 394 U.S. 286, 300 (1969)).  Because Petitioner fails to satisfy his burden, this motion is DENIED.

Petitioner files three requests that the Court make public documents private or strike them.  See Docket Nos. 87, 89, 91. Those include documents subject to attorney-client privilege and documents that list his social security number.  Petitioner

2

explains that these documents are publicly available in California state courts as well as in this Court.  It is not clear which such documents, if any, are publicly available in the record of this case.  The Court cannot order California state courts to seal their documents.  The Court DENIES Petitioner's requests, without prejudice to Petitioner filing a new request that lists the offending documents in this case by Docket Number and page.[3]

Docket Number 91 specifically contains a request to "strike" Exhibit Z(7).  <u>See</u> Docket No. 25-3.  That document has already been filed in the public record.  The Court has already ruled that it does not contain confidential material.  Docket No. 32, Order Denying Motion to Seal at 3.  Therefore, the Court DENIES Petitioner's request to strike Exhibit Z(7).[4]

Petitioner requests paper copies of particular documents, namely those at Docket Numbers 27, 65, 67, 70 and 73.  Docket No. 92.  The Court GRANTS Petitioner's request and instructs the Clerk's office to mail Petitioner hard copies of those documents along with this order.

//

//

LEGAL STANDARD

---

[3] Petitioner also argues that, by failing to point out that these privileged documents were public, Respondent failed to safeguard Petitioner's constitutional rights.  This argument does not fall within the scope of any alleged constitutional violations within his habeas petition.

[4] Petitioner also requests that Respondent's Exhibit 10 be stricken.  This document is the Supreme Court copy of Petitioner's declaration labeled "Amendments of the Habeas Corpus Petition."  Docket No. 50-5.  The Court denies this request.

"A federal habeas court will not review a claim rejected by a state court if 'the decision of [the state] court rests on a state law ground that is independent of the federal question and adequate to support the judgment.'" Walker v. Martin, 562 U.S. 307, 315 (2011) (quoting Beard v. Kindler, 558 U.S. 53, 55 (2009)). The state law ground may be "a procedural barrier to adjudication of the claim on the merits." Id.

The procedural default analysis proceeds in two steps. First, the federal court must consider whether the state procedural rule the state court invoked to bar the claim is both "independent" and "adequate" to preclude federal review. See Bennett v. Mueller, 322 F.3d 573, 580 (9th Cir. 2003). Once the state has adequately plead the existence of an independent and adequate state procedural ground as a defense, the burden to place that defense at issue shifts to the petitioner, who "may satisfy this burden by asserting specific factual allegations that demonstrate the inadequacy of the state procedure, including citation to authority demonstrating inconsistent application of the rule." Id. at 586. "The scope of the state's burden of proof thereafter will be measured by the specific claims of inadequacy put forth by the petitioner." Id. at 584-85 (citation omitted).

If the procedural rule invoked by the state court is both adequate and independent, then the next step of the evaluation requires the federal court to consider whether the petitioner has established either "cause" for the default and "actual prejudice" as a result of the alleged violation of federal law, or whether failure to consider the claim will result in a fundamental

4

miscarriage of justice.  <u>Coleman v. Thompson</u>, 501 U.S. 722, 750 (1991).  If a petitioner cannot meet this burden, then federal habeas review of that claim is barred.  <u>Noltie v. Peterson</u>, 9 F.3d 802, 804-05 (9th Cir. 1993).

DISCUSSION

I.   Petitioner's Motions for Reconsideration

Petitioner moves for "modification of order granting in part of dismissal" regarding claims 1 and 4.  Docket No. 79. Petitioner also requests "[Amending Petition] modification of Reconsidering of [Grounds 1 & 4]."  Docket No. 88.  The Court construes these filings as motions for reconsideration.  <u>See</u> Civ. L. R. 7-9.  The portions of claim 1 that were not withdrawn[5] were not dismissed in the previous order.  Thus, the Court evaluates these filings as motions to reconsider its dismissal of claim 4 as procedurally defaulted.

To prevail on a motion for reconsideration, Petitioner "must specifically show reasonable diligence in bringing the motion" and one of the following circumstances: (1) that "at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought" and "that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order"; (2) new material facts or law emerged after the order was issued; or (3) there was a "manifest failure by the Court to consider material facts or dispositive legal

---

[5] Petitioner's request to reinstate the portion of claim 1 that he withdrew is DENIED.

United States District Court
Northern District of California

arguments which were presented to the Court before such

interlocutory order." Civ. L. R. 7-9(b). Further, Petitioner

may not repeat any argument that was made in opposition to the

earlier order. See Civ. L. R. 7-9(c).

Petitioner does not satisfy this standard. Many of his

arguments do not relate to any of these factors. Others were

already argued. Aside from these arguments, Petitioner argues

that he recently located new evidence and cites Exhibits A, R and

H. However, these are exhibits that were attached to his

original petition. See Docket No. 1. This evidence already

existed when the original motion to dismiss was filed.

Petitioner's motions to reconsider the dismissal of claim 4 are

DENIED.[6]

The Court construes Petitioner's motion at Docket Number 85

as another motion for reconsideration of its dismissal of claim

4. Petitioner argues that there was a change in the law that

"stated in part every person unlawfully imprisoned or restained

[sic] of his liberty under any pretense of may prosecute a

petition is abled [sic] to inquire of his imprisonment or

restraints." Docket No. 85 at 1. He explains that this change

in the law, dated February 27, 2015, "raises the defense" that

state officials had knowledge that attorney-client visitations

were being recorded. Id. at 2. Petitioner also argues that

evidence of eavesdropping was not discovered until after the

trial. Importantly, the change in law or fact must have occurred

---

[6] Petitioner's requests for discovery and evidentiary hearings
relating to these motions to reconsider the dismissal of claim 4
are also DENIED (Docket Nos. 90, 79).

United States District Court
Northern District of California

between the Court's consideration of the order at issue and the motion for reconsideration.  See Civ. L. R. 7-9(b).  Petitioner's arguments relate to changes that predate the Court's order dismissing claim 4.  For this reason, Petitioner's motion is DENIED.

II.  Respondent's Motion to Reconsider claim 5(b)

Claim 5(b) states that there was insufficient evidence of the identity of the kidnap victim to support the conviction of kidnapping for robbery.  Because the California Supreme Court's citation to In re Clark, 5 Cal. 4th 750, 797-98 (1993) relates to two possible procedural bars, untimeliness and successiveness, and because Respondent briefed untimeliness alone, the Court concluded that Respondent did not meet his burden to plead the existence of an independent and adequate procedural bar. Respondent assumed that untimeliness subsumes successiveness and, therefore, did not brief successiveness or the relationship between untimeliness and successiveness.

Respondent now argues that the California Supreme Court's citation to In re Clark could be construed as invoking both an untimeliness bar and a successive petition bar.  The Court agrees.  California's untimeliness rule is an adequate and independent state ground for procedural bar purposes.  Lee v. Jacquez, 788 F.3d 1124, 1129 (9th Cir. 2015), rev'd on other grounds by Johnson v. Lee, 136 S. Ct. 1802 (2016).  California's bar against successive petitions is also adequate and independent.  See, e.g., Rutledge v. Katavich, 2012 WL 2054975, at *6-*7 (N.D. Cal.) (concluding that California's successiveness bar is adequate and independent as of May 21, 2008); Arroyo v.

United States District Court
Northern District of California

<u>Curry</u>, 2009 WL 723877, at *3-*6 (N.D. Cal.) (concluding that the successive petition bar is adequate and independent as of March 6, 2006); <u>Ingram v. Cate</u>, 2014 WL 3672921, at *16 (C.D. Cal.), <u>report and recommendation adopted</u>, 2014 WL 3672924 (citing <u>Field v. Calderon</u>, 125 F.3d 757, 763-64 (9th Cir. 1997) and <u>Siripongs v. Calderon</u>, 35 F.3d 1308, 1318 (9th Cir. 1994)).

Petitioner argues that the state procedural bar is inadequate. However, he failed to assert any specific factual allegations demonstrating the inadequacy of the untimeliness or successiveness bars. <u>See</u> <u>Bennett</u>, 322 F.3d at 580.

Because the bars are both adequate and independent, Petitioner may only avoid default if he establishes either cause and prejudice or that failure to consider his claim will result in a fundamental miscarriage of justice. <u>Coleman</u>, 501 U.S. at 750.

Petitioner argues that the ineffective assistance of his trial and appellate counsel satisfy the cause and prejudice test. However, as explained below, Petitioner cannot circumvent the procedural bar that applies to those claims.

Petitioner also argues that the CDC interfered with property such that bringing this argument was impracticable. However, as explained below, any evidence of Wendy Zhang's true identity would not have been relevant to Petitioner's conviction.

Finally, Petitioner's miscarriage of justice claim lacks merit. As explained below, Wendy Zhang's identity need not be proven for a kidnapping conviction.

For all these reasons, the Court dismisses claim 5(b).

III. Respondent's Motion to Dismiss Claims 1(b), 1(c) and 3(b)

United States District Court
Northern District of California

Respondent moves to dismiss claims 1(b), the remainder of 1(c) and 3(b) as procedurally defaulted based on the same citation to <u>Clark</u> discussed above.[7]  Claim 1(b) alleges that trial counsel was ineffective for failing to move to dismiss the kidnapping count based on a discrepancy between the victim's name as listed on the information and the victim's own recitation of her name at trial.  Claim 1(c) alleges that appellate counsel was ineffective for failing to raise claim 1(b) on appeal.  Claim 3(b) alleges that the prosecutor presented false evidence regarding the identity of the kidnap victim.  None of these claims amounts to cause and prejudice or miscarriage of justice.

Constitutionally ineffective assistance of counsel amounts to cause for the cause and prejudice test.  <u>Walker v. Martel</u>, 709 F.3d 925, 938 (9th Cir. 2013).  For ineffective assistance of counsel to constitute cause, the ineffective assistance claim must have been presented as an independent claim to the state courts.  <u>Murray v. Carrier</u>, 477 U.S. 478, 489 (1986).  Where that ineffective assistance of counsel claim has itself been procedurally defaulted, it cannot excuse the default of another habeas claim unless the ineffective assistance claim itself can satisfy the cause and prejudice standard.  <u>See</u> <u>Edwards v. Carpenter</u>, 529 U.S. 446, 453 (2000).[8]  Here, both ineffective

---

[7] The Court construes Petitioner's motion to dismiss Respondent's motion as a response and DENIES the motion (Docket No. 93).  <u>See</u> <u>O'Bremski v. Maass</u>, 915 F.2d 418, 420 (9th Cir. 1990) (explaining that, under Rule 4 of the Rules Governing Section 2254, district courts may summarily dismiss the petition on the merits when no claim for relief is stated).

[8] The Ninth Circuit has concluded that, where a claim of ineffective assistance of trial counsel was procedurally defaulted, trial counsel's performance could not constitute cause.  <u>Cockett v. Ray</u>, 333 F.3d 938, 943 (9th Cir. 2003).  In

United States District Court
Northern District of California

assistance of counsel claims, claims 1(b) and 1(c), were procedurally defaulted.

Cause to excuse procedural default on an ineffective assistance of counsel claims exists where 1) the claim of ineffective assistance of trial counsel was "substantial," 2) there was no counsel during the state collateral review proceeding, 3) the state collateral review proceeding was the initial review proceeding with respect to the ineffective assistance of trial counsel claim and 4) claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding. Trevino v. Thaler, 133 S. Ct. 1911, 1918 (2013); Martinez v. Ryan, 132 S. Ct. 1309, 1320 (2012). Here, the ineffective assistance of counsel claim is not substantial.

The standard for substantiality is the same as the standard for issuing a certificate of appealability. Detrich v. Ryan, 740 F.3d 1237, 1245 (9th Cir. 2013) (en banc). To raise a substantial claim, "a petitioner must show that reasonable jurists could debate" the issue. Id. (quoting Miller-El v. Cockrell, 537 U.S. 322, 336 (2003)).

The Sixth Amendment's right to counsel guarantees not only assistance, but effective assistance, of counsel. Strickland v. Washington, 466 U.S. 668, 686 (1984). The benchmark for judging any claim of ineffectiveness is whether counsel's conduct so undermined the proper functioning of the adversarial process that

light of the Supreme Court's statement in Edwards, the Court recognizes that a procedurally-defaulted ineffective assistance claim could excuse the procedural default of another claim if the ineffective assistance claim's procedural default could itself be excused. See Castaneda v. Cash, 2013 WL 6155605, at *15 (N.D. Cal.).

United States District Court
Northern District of California

the trial cannot be relied upon as having produced a just result. Id. In order to prevail on a Sixth Amendment ineffective assistance of counsel claim, a petitioner must establish two things. First, he must demonstrate that counsel's performance was deficient and fell below an "objective standard of reasonableness" under prevailing professional norms. Id. at 687-88. Second, he must establish that he was prejudiced by counsel's deficient performance, i.e., that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. A reasonable probability is a probability sufficient to undermine confidence in the outcome. Id. The relevant inquiry under Strickland is not what defense counsel could have done, but rather whether counsel's choices were reasonable. See Babbitt v. Calderon, 151 F.3d 1170, 1173 (9th Cir. 1998).

A "doubly deferential" standard of judicial review is appropriate in analyzing ineffective assistance of counsel claims under § 2254. See Cullen v. Pinholster, 563 U.S. 170, 202 (2011). The "question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied Strickland's deferential standard." Harrington v. Richter, 562 U.S. 86, 105 (2011).

Here, Petitioner alleges that trial counsel was ineffective for not moving to dismiss the kidnapping count where a victim's name as stated on the information differed from the victim's name that she stated at trial. Kidnapping is defined in California Penal Code section 207. Neither this section nor California's model jury instructions require the jury to agree on the victim's

real name.  See CALJIC 9.50.  Both require only that some person was moved or compelled to move.  Thus, it cannot be said that reasonable jurists could debate that there exists any reasonable argument that trial counsel was ineffective for not moving to dismiss based on this discrepancy.

Because there is no substantial claim of ineffective assistance of trial counsel, Petitioner does not satisfy the Martinez/Trevino exception that would excuse procedural default on claims 1(b) and (c).  None of Petitioner's cause and prejudice or miscarriage of justice arguments, including ineffective assistance of counsel, defeats the procedural bar for claim 3(b).

The Court GRANTS Respondent's motion to dismiss claims 1(b), 1(c) and 3(b) (Docket No. 86).

CONCLUSION

1. Petitioner's motion to seal (Docket Number 78) is GRANTED.

2. Petitioner's request that Docket Numbers 80 and 81 be considered timely (Docket Number 83) is GRANTED.

3. Petitioner's motion for leave for discovery (Docket Number 80) is DENIED.

4. Petitioner's motions to strike (Docket Numbers 87, 89 and 91) are DENIED, without prejudice to Petitioner bringing a similar motion if he can identify any offending documents in this Court's file by Docket Number and page.

5. Petitioner's request for copies of the documents at Docket Numbers 27, 65, 67, 70 and 73 is GRANTED (Docket No. 92). The Court directs the Clerk's office to mail Petitioner hard copies of those documents along with this order.

6. Petitioner's motions to reconsider the dismissal of claim 4 (Docket Numbers 79, 85 and 88) are DENIED.  His requests for discovery and evidentiary hearings related to these motions are also DENIED (Docket Nos. 79, 90).

7. Petitioner's motion at Docket Number 93 is DENIED.

8. The Court dismisses claim 5(b).  The Court also GRANTS Respondent's motion to dismiss claims 1(b), 1(c) and 3(b) (Docket No. 86).  The remaining claims are claims 2(a), 2(c), 3(a), 5(a) and 6.

9. No later than sixty days from the date of this Order, Respondent shall file with this Court and serve upon Petitioner an Answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued.  Respondent shall file with the Answer all portions of the state record that have been transcribed previously and are relevant to the determination of the issues presented by the petition. If Petitioner wishes to respond to the Answer, he shall do so by filing a Traverse with the Court and serving it on Respondent no later than thirty days from his receipt of the Answer.  If he does not do so, the petition will be deemed submitted and ready for decision on the date the Traverse is due.  In an abundance of caution, Respondent may answer any of the dismissed claims on their merits.

IT IS SO ORDERED.

Dated: September 6, 2016

_____
CLAUDIA WILKEN
United States District Judge

United States District Court
Northern District of California

13

1

2                           UNITED STATES DISTRICT COURT

3                          NORTHERN DISTRICT OF CALIFORNIA

4

5    JOSEPH J. FLOWERS,
                                              Case No.  14-cv-00589-CW
             Plaintiff,
6
         v.                                   **CERTIFICATE OF SERVICE**
7
8    F. FOULK,

             Defendant.
9

10        I, the undersigned, hereby certify that I am an employee in

11   the Office of the Clerk, U.S. District Court, Northern District

12   of California.

13        That on September 6, 2016, I SERVED a true and correct

14   copy(ies) of the attached, by placing said copy(ies) in a postage

15   paid envelope addressed to the person(s) hereinafter listed, by

16   depositing said envelope in the U.S. Mail, or by placing said

17   copy(ies) into an inter-office delivery receptacle located in the

18   Clerk's office.

19

20   Joseph J. Flowers ID: F82065 (with copies of docket nos. 27, 65, 67, 70 & 73)
     B3191
21   California Mens Colony State Prison
     P.O. Box 8101
22   San Luis Obispo, CA 93409-8101

23

     Dated: September 6, 2016
24

25                                     Susan Y. Soong
                                       Clerk, U.S. District Court
26                                     By: _____
                                       Nichole Peric, Deputy Clerk to
27                                     the Honorable CLAUDIA WILKEN

28

                                         14