IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JOSEPH FLOWERS,

    Petitioner,

  v.

F. FOULK, Warden,

    Respondent.

_____/

No. C 14-0589 CW

ORDER ON PETITION FOR HABEAS CORPUS AND MISCELLANEOUS REQUESTS

(Docket Nos. 25, 27, 117-19, 122-24, 126-27)

Petitioner Joseph Flowers filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, following his state convictions of robbery and kidnapping. Respondent Fred Foulk filed an answer and Petitioner filed a traverse. Having considered the parties' papers, the record, and relevant authority, the Court DENIES the petition and rules on a number of associated requests as described herein.

BACKGROUND

The underlying facts are restated in this Court's March 9, 2016 order granting in part Respondent's motion to dismiss. Docket No. 74.

Petitioner filed this petition for writ of habeas corpus on February 7, 2014. On March 10, 2014, Petitioner filed a motion for a stay and abeyance of his petition so that he could exhaust in state court new grounds for his claim of insufficient evidence. The Court granted the motion on March 18, 2014, and stayed the petition. The California Supreme Court denied relief on April 9,

2014. On June 3, 2014, this Court lifted the stay and ordered Petitioner to file a Second Amended Petition.

On August 22, 2014, the Court issued an order to show cause, in which the Court deemed the documents at Docket Numbers 25 and 27 together to constitute the operative petition and ordered Respondent to file an answer or motion to dismiss within sixty days.

Petitioner's claims in the amended petition were as follows. Claim 1, ineffective assistance of counsel: (a) trial counsel was ineffective for failing to investigate victim Chen Wei's background; (b) trial counsel was ineffective for failing to move to dismiss the kidnapping count based on a discrepancy between the victim's name as listed on the information and the victim's own recitation of her name at trial; and (c) appellate counsel was ineffective for failing to raise on appeal the ineffective assistance of trial counsel. Claim 2, trial court errors in violation of due process: (a) the trial court failed to grant a mistrial after a prosecution witness revealed that Petitioner was a parolee at large; (b) after a prosecution witness testified, in violation of a pretrial exclusionary order, that Petitioner was a pimp, the trial court failed to admonish the jury to disregard the testimony; and (c) the trial court failed to issue a ruling on the defense's pretrial Aranda[1]/Bruton[2] motion. Claim 3, prosecutorial misconduct: (a) the prosecutor failed to disclose evidence

---

[1] People v. Aranda, 63 Cal. 2d 518 (1965), superseded in part by statute as recognized in People v. Capistrano, 59 Cal. 4th 830, 868 n.10 (2014).

[2] Bruton v. United States, 391 U.S. 123 (1968).

2

relating to the credibility of Chen Wei; and (b) the prosecutor presented false evidence regarding the identity of the kidnap victim. Claim 4, denial of right to counsel: Petitioner was not allowed confidential visits with trial counsel at the county jail. Claim 5, actual innocence: (a) evidence of an alibi was not presented; and (b) evidence of the identity of the kidnap victim was insufficient to support the conviction of kidnapping for robbery. Claim 6: cumulative error: the cumulative effect of errors alleged in claims 1 through 5 violated due process.

Respondent moved to dismiss claims 2(b), 4, and 5(b) as procedurally defaulted and claims 1(a)-(c), 3(b), and 6 as unexhausted. On March 9, 2016, the Court granted the motion in part and dismissed claims 2(b) and 4 as procedurally defaulted based on a rule from In re Dixon, 41 Cal. 2d 756 (1953), which "prohibits California state courts from considering habeas claims that should have been raised on direct appeal but were omitted," Lee v. Jacquez, 788 F.3d 1124, 1126 (9th Cir. 2015). In the same order, the Court granted Petitioner's motion to withdraw claim 1(a) and the part of claim 1(c) relating to claim 1(a).

On March 28, 2016, the Court granted in part Respondent's motion for leave to file a motion for reconsideration and permitted Respondent to submit supplemental briefing on whether claim 5(b) was procedurally defaulted. On May 4, 2016, in lieu of an answer, Respondent filed a motion to dismiss claims 1(b), the remainder of 1(c) and 3(b) as procedurally defaulted. On September 6, 2016, the Court granted Respondent's motions. The Court dismissed claims 1(b), 1(c), 3(b), and 5(b) as procedurally

3

barred under In re Clark, 5 Cal. 4th 750, 797-98 (1993) (invoking procedural bars of untimeliness and successiveness).

Following these orders, Petitioner's remaining claims are 2(a), 2(c), 3(a), 5(a) and 6. On January 3, 2017, Respondent filed his answer. On February 2 and March 11, 2017, the Court granted Petitioner extensions of time to file his traverse. Petitioner has filed his traverse.[3]

## LEGAL STANDARD

A federal court may entertain a habeas petition from a state prisoner "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Under the Antiterrorism and Effective Death Penalty Act (AEDPA) of 1996, a district court may not grant habeas relief unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in

---

[3] Petitioner filed an "Answer to Oppositions Dismissal Request" (Docket No. 115), and subsequently filed an amendment to that Opposition (Docket No. 117), a "Third Amendment to the Answer to Oppositions Request for Dismissal" (Docket No. 121), and an "Amendment to the Timely Response of Grounds 2(a)" (Docket No. 125). The Court construes these documents collectively as Petitioner's traverse. Petitioner also filed a motion to clarify portions of his traverse papers. That request is GRANTED (Docket No. 123) and the Court reviews the papers as clarified. Finally, Petitioner also filed requests for leave to modify claims 1 and 4 (Docket Nos. 118, 124, 127). The Court addresses these requests below.

4

the State court proceeding." 28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362, 412 (2000).

A state court decision is "contrary to" Supreme Court authority, that is, falls under the first clause of § 2254(d)(1), only if "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." Williams, 529 U.S. at 412-13. A state court decision is an "unreasonable application of" Supreme Court authority, that is, it falls under the second clause of § 2254(d)(1), if it correctly identifies the governing legal principle from the Supreme Court's decisions but "unreasonably applies that principle to the facts of the prisoner's case." Id. at 413. The federal court on habeas review may not issue the writ "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." Id. at 411. Rather, the application must be "objectively unreasonable" to support granting the writ. Id. at 409. Under AEDPA, the writ may be granted only "where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with this Court's precedents." Harrington v. Richter, 562 U.S. 86, 102 (2011).

If constitutional error is found, habeas relief is warranted only if the error had a "substantial and injurious effect or influence in determining the jury's verdict." Penry v. Johnson, 532 U.S. 782, 795 (2001) (quoting Brecht v. Abrahamson, 507 U.S. 619, 637 (1993)).

The court "look[s] through" unexplained state-court opinions on a habeas claim and applies the standard of § 2254(d) to the last "<u>explained</u>" state-court opinion absent "strong evidence" that a later unexplained opinion rested upon different grounds. <u>Ylst v. Nunnemaker</u>, 501 U.S. 797, 801-06 (1991); <u>see also</u> <u>Kernan v. Hinojosa</u>, 136 S. Ct. 1603, 1605-06 (2016) (per curiam). The Supreme Court has directed that "[w]hen a federal claim has been presented to a state court and the state court has denied relief," even if the court gives no reasons for its decision, "it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." <u>Johnson v. Williams</u>, 568 U.S. 289, 298 (2013) (quoting <u>Harrington</u>, 562 U.S. at 99).

## DISCUSSION

I. Claim 2(a): The trial court refused to grant a mistrial on the basis of a witness' reference to Petitioner as a parolee at large.

The last explained state court opinion on this claim is that of the California Court of Appeal. In dismissing this claim, that court reasoned as follows:

> "We review a trial court's ruling on a motion for mistrial for abuse of discretion. [Citation.] Such a motion should only be granted when a defendant's 'chances of receiving a fair trial have been irreparably damaged.' [Citation.]" (<u>People v. Valdez</u> (2004) 32 Cal. 4th 73, 128.) Even if prosecutorial misconduct is involved, this court will not reverse a conviction absent prejudice to the defendant. (See <u>People v. Riggs</u> (2008) 44 Cal. 4th 248, 298 [under California misconduct law, no reversal unless "reasonably probable that without such misconduct, an outcome more favorable to the defendant would have resulted"; under federal law, no reversal "unless the challenged action '"so infected the trial with unfairness as to make the resulting conviction a denial of due process"'"].) Thus, if "any reasonable jury would have reached the same verdict" even in the absence of

> Holton's statement, the trial court's ruling will stand. (People v. Bolton (1979) 23 Cal. 3d 208, 214-215.)
>
> We need not address whether prosecutorial misconduct occurred. No matter the answer to that question, the passing comment by Holton was cured by instruction and not prejudicial. (See, e.g., People v. Bolden (2002) 29 Cal. 4th 515, 554-555 [upholding the trial court's denial of a motion for mistrial, finding it "doubtful that any reasonable juror would infer from the [witness's] fleeting reference to a parole office that defendant had served a prison term for a prior felony conviction"].) The surveillance tapes, the testimony from Chen and Patterson, and the fingerprint evidence strongly support the jury's verdict and link defendant with the charged crimes. (See id. at p. 555; cf. People v. Ozuna (1963) 213 Cal. App. 2d 338, 341–342 [reversing denial of mistrial when defendant called "ex-convict" and the evidence of guilt was not "so strong as to preclude a finding of innocence"].) Further, the trial court admonished the jury to ignore Holton's statement, and we presume the admonition avoided prejudice. (People v. Bennett (2009) 45 Cal. 4th 577, 612 ["We assume the jury followed the admonition and that prejudice was therefore avoided."].)

People v. Flowers, No. A129473, 2012 WL 2168589, at *4 (Cal. Ct. App. June 15, 2012) (alterations in original).

"The admission of evidence does not provide a basis for habeas relief unless it rendered the trial fundamentally unfair in violation of due process." Holley v. Yarborough, 568 F.3d 1091, 1101 (9th Cir. 2009); see also Estelle v. McGuire, 502 U.S. 62, 72 (1991). "A federal habeas court, of course, cannot review questions of state evidence law." Henry v. Kernan, 197 F.3d 1021, 1031 (9th Cir. 1999). "Even where it appears that evidence was erroneously admitted, a federal court will interfere only if it appears that its admission violated fundamental due process and the right to a fair trial." Id.; see also Romano v. Oklahoma, 512 U.S. 1, 13 (1994).

The California Court of Appeal's reasoning is not contrary to or an unreasonable application of federal law as determined by the

Supreme Court.  First, although the Ninth Circuit has held that admission of prior bad acts "violates due process if 'there are no permissible inferences the jury may draw from the evidence,'" Houston v. Roe, 177 F.3d 901, 910 n.6 (9th Cir. 1999) (quoting Jammal v. Van de Kamp, 926 F.2d 918, 920 (9th Cir. 1991)), the Supreme Court has not clearly held that the admission of evidence of prior bad acts to prove propensity is unconstitutional.  See Estelle, 502 U.S. at 75 n.5.  Accordingly, the introduction of evidence of Petitioner's prior bad acts through reference to his status as a "parolee at large" does not constitute a deficiency that could form the basis of habeas relief.  Second, the jury is presumed to follow the trial court's limiting instruction and disregard this evidence.  Weeks v. Angelone, 528 U.S. 225, 234 (2000).  The court gave the instruction to disregard this portion of the witness' testimony immediately after it was given and no details about any prior conviction were elicited.  Third, the Court finds that any such error did not have a "substantial and injurious effect or influence in determining the jury's verdict," Brecht, 507 U.S. at 637, when "quantitatively assessed in the context of other evidence presented," id. at 629 (quoting Arizona v. Fulminante, 499 U.S. 279, 308 (1991).  That evidence included the testimony of Petitioner's co-defendant Douglas Patterson, a positive identification made by one of the victims, Petitioner's fingerprint on a demand letter subsequently received by one of the victims, and identification of Petitioner in surveillance footage of the incident.

Accordingly, Petitioner is not entitled to habeas relief on this claim.

8

II. Claim 2(c): The trial court failed to issue a ruling on the defense's pretrial Aranda/Bruton motion.

Petitioner raised this claim in his September 2013 habeas petition to the California Supreme Court, which summarily denied his petition. In Bruton, 391 U.S. at 137, the Supreme Court "held that, despite the limiting instruction, the introduction of [the co-defendant's] out-of-court confession at Bruton's trial had violated Bruton's right, protected by the Sixth Amendment, to cross-examine witnesses." Gray v. Maryland, 523 U.S. 185, 190 (1998). On September 18, 2009, Petitioner's trial counsel filed a motion to try Petitioner and Patterson separately under Bruton and Aranda, 63 Cal. 2d at 526-27, on the basis that he believed Patterson had made extrajudicial statements inculpating Petitioner that the prosecution would introduce at trial. On October 26, the prosecution filed an opposition to the motion in which it stated that it did not intend to introduce the statements at trial. Patterson's case was resolved before the jury was sworn in at Petitioner's trial and thus the men were not tried together. Patterson testified at Petitioner's trial and was cross-examined.

These facts cannot support a Bruton violation. See Crawford v. Washington, 541 U.S. 36, 59 n.9 (2004) ("[W]hen the declarant appears for cross-examination at trial, the Confrontation Clause places no constraints at all on the use of his prior testimonial statements."). Petitioner argues in his traverse that his Aranda/Bruton motion was impeded by Respondent's failure to produce the transcripts from proceedings in December 2010 and attaches exhibits attesting to his belief that Marin County jail did not provide him a private space to confer with his attorney

9

and that it held documents relating to his alibi defense. For the same reason, this argument is unavailing. Additionally, on March 9, 2016, the Court dismissed Petitioner's claim 4, relating to the denial of confidential visits with trial counsel, as procedurally barred.

Accordingly, Petitioner is not entitled to habeas relief on this claim.

### III. Claim 3(a): The prosecutor failed to disclose evidence relating to the credibility of witness Wei Chen.

Petitioner raised the claim in his September 2013 habeas petition to the California Supreme Court, which summarily denied his petition. In essence, Petitioner argues a violation of his due process rights as announced in Brady v. Maryland, 373 U.S. 83, 86 (1963). He argues that the prosecutor failed to inform the defense that he had evidence that victim and witness Wei Chen had been charged with a violation of California Penal Code section 647(b) (prostitution), and that this information could have been used to impeach Chen's credibility.

In Brady, the Supreme Court held that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." 373 U.S. at 87. The government has a duty to disclose Brady material even if the defense fails to ask for it. United States v. Agurs, 427 U.S. 97, 107 (1976).

Petitioner does not make out a Brady violation because the prosecution did disclose this incident. In an April 29, 2010 motion in limine, the prosecution moved to exclude evidence of

10

Chen's contact with law enforcement concerning Penal Code section 647(b). The trial court found that there were no "cases handy about a 647(b) being a crime involving moral turpitude," but that evidence of her prior contact with law enforcement could be used to impeach her if she denied that the spa was engaged in that sort of activity. Defense counsel acknowledged that the prosecutor told him about the charge. Defense counsel did not raise the issue of Chen's prior contact with law enforcement at trial.

Accordingly, Petitioner is not entitled to habeas relief on this claim.

    IV.    Claim 5(a): Actual innocence: Evidence of alibi not presented.

Petitioner raised this claim in his September 2013 habeas petition to the California Supreme Court, which summarily denied his petition. Petitioner claims that at the time of the offense he was at an address in Oakland and is therefore actually innocent. In support of his alibi, Petitioner offers Exhibit H to his original petition in this Court, which is a November 8, 2011 declaration by Claudette Winston. He also submits memoranda, correspondence, and declarations regarding attorney and investigator research into this issue.

Winston declared that on the day of the offense, December 24, 2008, she was living at the Oakland address, her daughter's home. She declared that Petitioner "arrived sometime before sundown on Christmas Eve, and did not leave until sometime during the afternoon on Christmas Day." Docket No. 1-8, Habeas Petition, Ex. H ¶ 2. She declared that those present included "Mack Wood Fox, Arthur Cregett, his wife and children, Joseph Flowers, and other

11

family members." Id. ¶ 1. Finally, she declared that she remembered the events "due to a conversation with the above parties, and because it is a long standing family tradition to spend Christmas Eve and Christmas morning together." Id. ¶ 3.

Petitioner asserts that he conveyed his alibi to his attorney and investigators in January 2009 when he was transferred to County of Marin jail but declined to discuss the matter further out of fears that his conversations could be overheard. The trial transcript indicates that Petitioner asserted that he had an alibi moments before the jury was sworn in. Defense counsel immediately moved to continue the trial so that he could "investigate these facts, the alibi that he's given me, and all the other witnesses that need to be interviewed and brought to court." Docket No. 108-2, Answer, Ex. 2E, 6 RT 245. The court denied the request. Id. at 246. Defense counsel did not raise Petitioner's alleged alibi during trial.

The Supreme Court has "not resolved whether a prisoner may be entitled to habeas relief based on a freestanding claim of actual innocence," McQuiggin v. Perkins, 133 S. Ct. 1924, 1931 (2013), "absent an independent constitutional violation occurring in the underlying state criminal proceeding," Herrera v. Collins, 506 U.S. 390, 400 (1993). It "has assumed that a freestanding innocence claim is cognizable on federal habeas review, but it has noted that 'the threshold showing for such an assumed right would necessarily be extraordinarily high.'" Ayala v. Chappell, 829 F.3d 1081, 1116 (9th Cir. 2016) (quoting Herrera, 506 U.S. at 417).

Petitioner has not made a showing of actual innocence sufficient to overcome the "extraordinarily high" threshold for such claims. Herrera, 506 U.S. at 392. A claim of actual innocence may function as a "gateway through which a habeas petitioner must pass to have his otherwise [procedurally] barred constitutional claim considered on the merits" to avoid a "fundamental miscarriage of justice." Id. at 390. To satisfy this standard, a petitioner must show that it is "more likely than not that no reasonable juror would have convicted him in the light of the new evidence." Schlup v. Delo, 513 U.S. 298, 327 (1995). "[W]hatever burden a hypothetical freestanding innocence claim would require" is even higher. House v. Bell, 547 U.S. 518, 555 (2006). Petitioner does not satisfy this higher burden or even the lower Schlup standard. The declarant supporting his claim is not a disinterested party and the declaration must be considered in light of proof of guilt at trial. See McQuiggin, 133 S. Ct. at 1935; House, 547 U.S. at 555; Herrera, 506 U.S. at 417-19.

In his traverse, Petitioner construes this claim as an ineffective assistance of counsel claim, asserting in essence that his attorney failed to investigate his potential alibi. Petitioner did not raise this argument in support of his ineffective assistance of counsel claim, part of which Petitioner withdrew and the remainder of which the Court dismissed on September 6, 2016, as procedurally defaulted. The Court declines to consider this argument as a new claim for ineffective assistance of counsel. The new claim, like claims 1(b) and (c), would be procedurally defaulted under Clark, 5 Cal. 4th at 797-98. See Casey v. Moore, 386 F.3d 896, 919-922 (9th Cir. 2004) (claims

13

not fairly presented to state courts may be exhausted if they are clearly procedurally barred). Even if the new ineffective assistance of counsel claim were deemed unexhausted rather than procedurally barred, the Court would not now, at this late stage of the proceedings, grant another stay and abeyance to allow Petitioner to exhaust this argument. See Rhines v. Weber, 544 U.S. 269, 277 (2005). Petitioner's evidence of an alibi is unavailing in the context of the record as a whole; therefore, he cannot show prejudice and any claim of ineffective assistance of counsel on this ground would lack merit. See Strickland v. Washington, 466 U.S. 668, 694 (1984). Petitioner's attempt to present this unexhausted claim does not prevent the Court from denying all of his claims on the merits. 28 U.S.C. § 2254(b)(2).

Petitioner also requests appointment of counsel on the basis of this new ineffective assistance claim. The Court has previously found that appointment of counsel is not warranted in this case. The request is DENIED (Docket No. 117).

Accordingly, Petitioner is not entitled to habeas relief on this claim.

V. Claim 6: Cumulative error.

Petitioner raised this claim in his September 2013 habeas petition to the California Supreme Court, which summarily denied his petition.

For the reasons discussed above, the Court has found that Petitioner does not raise a constitutional error. Because there have been no errors to accumulate, there can be no constitutional violation based on a theory of "cumulative" error. See Mancuso v. Olivarez, 292 F.3d 939, 957 (9th Cir. 2002) (holding where there

14

are no errors, there can be no cumulative error), overruled on other grounds by Slack v. McDaniel, 529 U.S. 473 (2000).

Accordingly, Petitioner is not entitled to habeas relief on this claim.

VI. Miscellaneous requests.

Petitioner makes a number of miscellaneous requests in papers associated with his traverse.

Petitioner seeks to file under seal a number of documents including Exhibit A(1), an October 5, 2011 letter from an investigator; Exhibit A(16), a February 16, 2017 declaration by his trial attorney concerning the confidentiality of communications at County of Marin jail; Exhibit A(18), a September 17, 2009 letter from the trial attorney concerning a confidential informant; Exhibit A(12), a March 24, 2017 letter and memorandum from Petitioner's appellate attorney concerning alibi declarant Winston; and Exhibit A(19), documents purporting to show the time of sunset on December 24, 2008. Petitioner asserts that the documents are subject to attorney-client privilege. Petitioner has waived this privilege by filing these documents in support of his petition and claiming ineffective assistance of counsel. Accordingly, the motion is DENIED (Docket No. 119). Denial is without prejudice to submitting a separate motion to strike the documents from the record.

Petitioner requests leave to modify claims 1 and 4 (Docket No. 118, 124, 127).[4] The Court has previously denied Petitioner's request to modify claims 1 and 4, construing it as a motion for reconsideration. Docket No. 94, September 6, 2016 Order 5-7. The Court again construes Petitioner's request as a motion for reconsideration. The Court has previously discussed the legal standard for such motions. Id.

Petitioner argues that new evidence has been discovered that justifies his request. He argues that the new evidence shows that his conversations with counsel in County of Marin jail were overheard and confidentiality otherwise breached and, thus, that the trial court was incorrect when it found that the Sixth Amendment was not violated by virtue of the room the jail provided for meetings because it found "only that it's possible that someone could overhear a conversation out of that room but not that anyone did."[5] Docket No. 108-2, Answer, Ex. 2B, 3 RT 149. Petitioner also points out that the jail has since modified the room in question in a way that improves its soundproofing.

The arguments Petitioner makes in these papers are unrelated to the claims Petitioner states that he seeks to modify; rather, he reargues claim 5(a), actual innocence, and the Dixon bar.

---

[4] Claims 1(a) and part of 1(c) were withdrawn, Docket No. 74, March 9, 2016 Order 6 n.4, and claims 1(b) and the remainder of 1(c) were dismissed as procedurally defaulted, Docket No. 94, September 6, 2016 Order 8-12. Claim 4 was dismissed as procedurally defaulted. Docket No. 74.

[5] The trial court also found that Petitioner had not stated that he had not fully discussed things with his attorney as a result of the allegedly deficient soundproofing.

These issues have been adjudicated. Furthermore, the jail's modifications do not demonstrate a constitutional deficiency beforehand. Accordingly, the requests must be DENIED (Docket Nos. 118, 124, 127).

Petitioner again moves for appointment of counsel and for discovery (Docket Nos. 122, 126). Petitioner bases this renewed request on his new claim that his counsel was ineffective, primarily for failing to investigate sufficiently Petitioner's alibi. He also argues that potential investigators into his alibi have refused to work with him unless he is represented. The Court has previously discussed the legal standard for such motions and found that appointment of counsel is not warranted in this case. Docket No. 17, Order Granting Mot. to Reopen Case 4-5. The Court has also previously discussed the legal standard a habeas petitioner must meet to be entitled to discovery. Docket No. 74, March 9, 2016 Order 9. Petitioner's discovery request is not clear, but he appears to seek discovery into Chen's background for the purpose of impeachment and into his alibi generally. Because Petitioner is not entitled to relief on these grounds as explained in this and the Court's prior Orders, he is not entitled to discovery related to them. The motion is DENIED (Docket No. 122).

VII. Certificate of appealability.

A judge shall grant a certificate of appealability (COA) "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: the petitioner must demonstrate that reasonable

17

jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

"Determining whether a COA should issue where the petition was dismissed on procedural grounds has two components, one directed at the underlying constitutional claims and one directed at the district court's procedural holding." Slack v. McDaniel, 529 U.S. 473, 484-85 (2000). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id. at 484; see James v. Giles, 221 F.3d 1074, 1077 (9th Cir. 2000). As each of these components is a "threshold inquiry," the federal court "may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." Slack, 529 U.S. at 485. Supreme Court jurisprudence "allows and encourages" federal courts to first resolve the procedural issue. See id.

As to the "denial of a constitutional right" prong of the Slack test, the court simply takes a "quick look" at the face of the complaint, taking the factual allegations as true, and determines if the petitioner has "'facially allege[d] the denial of a constitutional right.'" Lambright v. Stewart, 220 F.3d 1022, 1026-27 (9th Cir. 2000) (quoting Jefferson v. Welborn, 222 F.3d at

18

289(7th Cir. 2000). All of the inferences that apply to ruling on a Rule 12(b)(6) motion apply to this situation. See id. If the petitioner has facially alleged the denial of a constitutional right and the procedural ruling is debatable, a COA should be granted. See id.

For the reasons discussed above, Petitioner has not shown that reasonable jurists would find the Court's rulings on claims 2(c), 3(a) and 6 debatable, and the Court denies a COA on these claims. For the reasons discussed in the Court's March 9, 2016 and September 6, 2016 orders, Petitioner has not shown that jurists of reason would find it debatable whether the Court is correct in its procedural dismissal of claims 1(b), part of 1(c), 2(b), 3(b), 4 and 5(b), and the Court denies a COA on these claims. The Court also denies a COA on the claims that were withdrawn by Petitioner, claims 1(a) and part of 1(c).

However, the Court grants a COA on claims 2(a) (witness's reference to Petitioner as a parolee at large) and 5(a) (actual innocence).

CONCLUSION

For the reasons set forth above, the Court must DENY the petition for habeas corpus (Docket Nos. 25, 27).

The request and motions for appointment of counsel are DENIED (Docket Nos. 117, 122, 126). The requests for leave to modify claims 1 and 4 are DENIED (Docket No. 118, 124, 127). The motion for leave to file under seal is DENIED (Docket No. 119). The motion to clarify portions of Petitioner's traverse papers is GRANTED (Docket No. 123).

19

The Court GRANTS a COA on claims 2(a) and 5(a). The Court DENIES a COA on all other claims.

IT IS SO ORDERED.

Dated: September 1, 2017

CLAUDIA WILKEN
United States District Judge