IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH J. FLOWERS,<br><br>    Petitioner,<br><br>    v.<br><br>FRED FOULK,<br><br>    Respondent. | Case No. 14-cv-00589 CW<br><br>**ORDER DENYING CERTIFICATE OF APPEALABILITY**<br><br>(Re: Dkt. Nos. 144, 149) |

On March 18, 2022, the Ninth Circuit remanded this action to the Court for the limited purpose of granting or denying a certificate of appealability (COA) with respect to its order of September 16, 2021. *See* Docket No. 149. In that order, the Court denied Petitioner's motion to vacate the judgment under Rules 60(b)(1), (b)(2), (b)(3), and (b)(6) and "reopen" his habeas corpus petition on the basis that "Respondent committed fraud on the Court and Petitioner by leading the Court and Petitioner to believe, incorrectly, that Respondent 'had provided a particular set of transcripts' for proceedings that took place on December 9, 2009.'" Order at 2, Docket No. 144. Petitioner argued that this Court's ruling that Claim 4 of his federal habeas corpus petition was procedurally defaulted under *In re Dixon*, 41 Cal. 2d 756 (1953), was erroneous because it "hinged" on the incorrect assumption that Petitioner could have raised in his direct appeal the argument that he was unlawfully deprived of confidential communications with his trial counsel. *See id.* at 5-7. Petitioner further argued that this incorrect assumption was a consequence of

1  Respondent's purported fraudulent representations that he had provided all relevant transcripts to
2  Petitioner. *Id.*
3         The Court denied Petitioner's motion on the grounds that: (1) the motion was untimely to
4  the extent that it was based on Rules 60(b)(1), (b)(2), or (b)(3), because it was filed more than one
5  year after the entry of judgment in this action, which was on September 5, 2017; and (2) it failed
6  to the extent that it was based on Rule 60(b)(6), because Petitioner did not show that this Court's
7  holding that Claim 4 was procedurally defaulted was erroneous, as he did not demonstrate that he
8  was prevented from raising Claim 4 on direct appeal as a result of Respondent's purported
9  fraudulent failure to provide him with all relevant transcripts, including those for December 9,
10 2009. *See id.* at 8-9.
11        Where, as here, "the district court denies a habeas petition on procedural grounds without
12 reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner
13 shows, at least, that jurists of reason would find it debatable whether the petition states a valid
14 claim of the denial of a constitutional right and that jurists of reason would find it debatable
15 whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473,
16 484 (2000).
17        Here, Petitioner has not shown that reasonable jurists would find it debatable whether the
18 Court was correct in reaffirming its ruling that Claim 4 is procedurally defaulted and in denying
19 Petitioner's motion to vacate the judgment. For the reasons discussed in the Court's September
20 16, 2021, order, which the Court incorporates here by reference, nothing in Petitioner's motion to
21 vacate the judgment casts doubt as to the Court's conclusion that Claim 4 was procedurally
22 defaulted on the basis that Petitioner could have, but failed, to raise it on direct appeal. Further,
23 Petitioner has not explained what happened during the proceedings on December 9, 2009, if
24 anything, that could have demonstrated that he was not able to raise Claim 4 on direct appeal.
25 Finally, the transcripts that Respondent filed for proceedings that took place on December 8, 2009,
26 show that the trial court considered Petitioner's argument that his right to confidential
27 communications with his trial counsel was being violated. Petitioner does not argue that he lacked
28

access to the December 8, 2009, transcripts at the time he was required to file his direct appeal.[1]

Accordingly, the Court DENIES a certificate of appealability.

IT IS SO ORDERED.

Dated: March 23, 2022

CLAUDIA WILKEN
United States District Judge

---

[1] Petitioner appears to argue in his notice of appeal that he lacked access to transcripts for proceedings that took place on several dates. *See* Docket No. 147 at ECF page 12. Even if it were the case that Petitioner, in fact, lacked access to certain transcripts at the time he filed his direct appeal, that still would not change the Court's conclusions, because Petitioner has not shown that he lacked access to other transcripts (such as those for December 8, 2009) that clearly show that his trial counsel raised the lack of confidentiality in attorney-client communications issue to the trial court.